## UNITED STATES DISTRICT COURT
### District of New Jersey

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

## NOT FOR PUBLICATION

LETTER-OPINION & ORDER

September 25, 2006

James E. Gelman, Esq.
Law Offices of James E. Gelman, Esq.
33-00 Broadway, Suite 210
Fair Lawn, NJ 07410

Tomasina DiGrigoli, Esq.
Special Assistant U.S. Attorney
c/o Social Security Administration
Office of General Counsel
26 Federal Plaza, Room 3904
New York, NY 10278

Re:   **Silver v. Commissioner of Social Security**
      **Civil Action No.: 05-5193 (JLL)**

Dear Counsel:

Presently before this Court is Plaintiff Warren Silver's Complaint seeking review of a
final determination of the Commissioner of Social Security (hereinafter the "Commissioner")
denying his application for disability and Disability Insurance Benefits under §§ 216(i) and 223
of the Social Security Act.  The issue to be decided is whether the Commissioner's decision to
deny Plaintiff's application for disability insurance benefits from September 1, 1987 through
December 31, 1992, is supported by substantial evidence.  The Court has jurisdiction to review
this matter under 42 U.S.C. § 405(g) and decides this matter after having considered the papers
submitted by the parties.

For the reasons set forth below, this Court concludes that the Commissioner's
determination is not supported by substantial evidence and is hereby reversed and remanded.

-1-

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff was born on August 7, 1944 and was sixty years old at the time the Commissioner made its final determination. (R. 278). Plaintiff has a very basic high school education (much of which was spent in special education classes) and can be described as living a sheltered existence. (See R. 277-79, 284-87). Plaintiff has never been married, has no children, and, throughout his adult life, has been taken care of by other family members; he lived with his parents until they both passed away and then moved in with his sister and her husband, where he is currently residing. (R. 284, 277-78). After high school, Plaintiff applied for admission to a school in New York which provided vocational training to similarly situated individuals, but was unable to get into the program. (R. 278-79). As a result, Plaintiff has no technical skills or knowledge and, what appears to have been his only employment (as a maintenance repair man for the Jersey City Housing Authority over the past 12 years ), was obtained through a family friend. (R. 287).

Plaintiff's medical history is extensive. He was diagnosed with cerebral palsy and classified as mentally challenged in his childhood. Then, in 1975, he was diagnosed with hypothyroidism and hypertension and, has also subsequently been diagnosed with gout and arthritis of his hands and knees. (See R. 117, 172-75). Although Plaintiff has not been classified as mentally retarded, he has been classified as being impaired in the perceptual processing of information. Additionally, he exhibits problems with coordination (e.g., he needs assistance crossing the street), and has fine motor impairment. (R. 175, 182).

On August 16, 2002, Plaintiff applied for Social Security Disability Insurance Benefits, having been insured for disability benefits through December 31, 1992. (R. 17). Plaintiff alleged disability due to cerebral palsy, essential hypertension, gout and hypothyroidism. On June 5, 2003, his application was denied, and on August 28, 2003, his request for reconsideration was also denied. On September 30, 2003, Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which was granted. On February 11, 2005, Plaintiff appeared before the Honorable Christopher P. Lee, the Administrative Law Judge assigned to his petition. On February 25, 2005, ALJ Lee decided that the Plaintiff was not disabled within the meaning of the Social Security Act and denied his claim. Plaintiff appealed the decision to the Administration's Appeals Counsel, but his petition was subsequently denied.

The decision of the ALJ, now a final agency action, is reviewable by this Court under 42 U.S.C. § 405(g).

The ALJ made the following findings:

1. The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

2. The claimant's cerebral palsy, essential hypertension, gout and

hypothyroidism are considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(c).

3.    These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4.    The undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

5.    The claimant has the residual functional capacity for medium work.  He can lift and carry fifty pounds occasionally and twenty-five pounds frequently, and can stand, walk and sit for six hours per day.  He is limited to simple, repetitive work.

6.    The claimant's past relevant work as a maintenance worker did not require the performance of work-related activities precluded by his residual functional capacity (20 CFR § 404.1565).

7.    The claimant's medically determinable cerebral palsy, essential hypertension, gout and hypothyroidism do not prevent the claimant from performing his past relevant work.

8.    The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR § 404.1520(f)).

(R. 20) (the original is exactly as set forth above).

Specifically, with regard to findings two and three, the ALJ stated:

> The medical evidence indicates that the claimant has cerebral palsy, essential hypertension, gout and hypothyroidism, impairments that are "severe" within the meaning of the Regulations but not "severe" enough to meet or medically equal, either singly or in combination to one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4.

(R. 17).

## LEGAL STANDARDS

### A.   Disability Defined

Under the Social Security Act, a claimant must demonstrate that he is disabled based on an "inability to engage in any substantial gainful activity ("SGA") by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §1382c(a)(3)(A).  A person is disabled for these purposes only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial

gainful work which exists in the national economy . . . ."  42 U.S.C. § 1382c(a)(3)(B).

Social Security Regulations set forth the following five-step, sequential evaluation procedure to determine whether a claimant is disabled:

> The sequential evaluation process is a series of five "steps" that we follow in a set order. If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step. If we cannot find that you are disabled or not disabled at a step, we go on to the next step. Before we go from step three to step four, we assess your residual functional capacity. (See paragraph (e) of this section.) We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps. These are the five steps we follow:
>
> (I) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. (See paragraph (b) of this section.)
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (See paragraph (c) of this section.)
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled. (See paragraph (d) of this section.)
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. (See paragraph (f) of this section and § 404.1560(b).)
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. (See paragraph (g) of this section and § 404.1560(c).)

20 C.F.R. § 404.1520(a)(4).

**B.**   **Burdens of Proof**

The five-step sequential evaluation involves shifting burdens of proofs.  Wallace v. Sec'y of Health & Human Servs., 722 F.2d 1150, 1153 (3d Cir. 1983).  The claimant has the burden of establishing at step one that he has not engaged in "substantial gainful activity" since the onset of the alleged disability and at step two that he suffers from a "severe impairment" or "combination of impairments."  20 C.F.R. § 404.1520(a)-(c).  If the claimant establishes these initial burdens, he must next demonstrate, at step three, that his impairment is equal to or exceeds one of the impairments listed in Appendix 1 of the regulations.  20 C.F.R. § 404.1520(d).  If he makes this showing then he is presumed disabled.  If he cannot show this, then at step four he must show that his residual functioning capacity ("RFC") does not permit him to return to his previous line of work.  20 C.F.R. § 404.1520(e).  If the claimant cannot show this, then in the final step, step five, the burden shifts to the Commissioner to demonstrate that the claimant can perform other substantial gainful work.  20 C.F.R. § 404.1520(f).  Note that the burden only shifts to the Commissioner at step five; throughout steps one through four the burden lies entirely with the claimant.  However, if the Commissioner cannot meet this burden, the claimant shall receive benefits.  "For each of the first four prongs, a finding of 'not disabled' will end the inquiry; otherwise the inquiry will proceed to the next level."  Alexander v. Shalala, 927 F. Supp. 785, 792 n. 4 (D.N.J. 1995).

**C.**   **Standard of Review**

The main issue before this Court is whether the ALJ's determination to deny disability benefits is supported by substantial evidence.  42 U.S.C. §§ 405(g) and 1383(c)(3).  Substantial evidence is more than a "mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971).  Substantial evidence may be slightly less that a preponderance.  Hanusiewicz v. Bowen, 678 F. Supp. 474, 476 (D.N.J. 1988).

The reviewing court has a duty to review the evidence in its totality and reviews whether the Commissioner's determination was reasonable.  See Daring v. Heckler, 727 F.2d 64, 70 (3d Cir. 1984).  The Commissioner has a duty to facilitate the court's review: "[w]here the [Commissioner] is faced with conflicting evidence, [he] must adequately explain in the record his reasons for rejecting or discrediting competent evidence."  Ogden v. Bowen, 677 F.Supp. 273, 278 (M.D. Pa. 1987) (citing Brewster v. Heckler, 786 F.2d 581 (3d Cir. 1986)).  The reviewing court gives deference to the administrative decision, but the court has a duty nonetheless to scrutinize the entire record to determine whether the ALJ's findings are rational and supported by substantial evidence.  See Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978).  The district court however, is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder."  Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992).

**DISCUSSION**

Plaintiff brings two arguments to this Court's attention. First, Plaintiff contends that the ALJ's finding at step three is unsupported by substantial evidence because in making his determination the ALJ only considered the portion of the record that supported a finding of non-disability and failed to consider the remainder which Plaintiff contends overwhelmingly supports a finding of disability. (Pl. Br at 10). Plaintiff's second argument is that the ALJ's finding at step five is similarly unsupported by substantial evidence because the ALJ failed to show a reasonable availability of jobs which this particular Plaintiff is capable of performing, and therefore the ALJ has not met its burden of proving that the claimant can perform other substantial gainful work. See 20 C.F.R. § 404.1520(f). The Court however, need not address this second argument because it finds that the ALJ's determination at step three is unsupported by substantial evidence and therefore a reversal and remand of the ALJ's decision is necessary.

In step three if the claimant's impairment or group of impairments is found to be one of the Listed Impairments in 20 C.F.R. § 404, Subpart P, Appendix 1 or is found to be the medical equivalent of a Listed Impairment, then the claimant is automatically deemed disabled. 20 C.F.R. § 404.1520(e). Here, in conducting his step three analysis, the ALJ found that Plaintiff's medical conditions, while severe, did not meet or medically equal one of the Listed Impairments, but failed to provide any reasons for this determination.

It is established law in this circuit that in making a step three determination the ALJ must indicate the evidence he found persuasive and that which he rejected, as well as his reasons for doing so. See Cotter v. Harris, 642 F.2d 700, 705-07 (3d Cir. 1981). "The ALJ has a duty to hear and evaluate all relevant evidence in order to determine whether an applicant is entitled to disability benefits. The ALJ's decision must be in writing and contain findings of fact and a statement of reasons in support thereof." Id. at 704. Here, the ALJ stated that Plaintiff's cerebral palsy, essential hypertension, gout and hypothyroidism ". . . [did] not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4", but failed to provide any explanation for his reasoning. (R. 20). Such conclusory statements are insufficient to withstand a substantial evidence standard. See Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 119 (3d Cir. 2000). In Burnett, this circuit held that an ALJ's determination would be set aside if it "'merely stated a summary conclusion that [claimant]'s impairments did not meet or equal any Listed Impairment,' without identifying the relevant listed impairments, discussing the evidence or explaining his reasoning.'" Id. (quoting Clifton v. Chater, 79 F.3d 1007 (10th Cir. 1981)).

The conclusory statement provided by the ALJ in step three provides no basis for the Court to evaluate his findings and therefore the Court will vacate and remand the case for a discussion of the evidence and an explanation of reasoning supporting a determination that Plaintiff's cerebral palsy, essential hypertension, gout and hypothyroidism (all "severe impairments" under the ALJ's step two finding) do not meet or medically equal a listed impairment. "On remand, the ALJ shall fully develop the record and explain his findings at step three, including an analysis of whether and why [Plaintiff's] . . . impairments, or those

-6-

impairments combined, are or are not equivalent in severity to one of the listed impairments." Burnett, 220 F.3d 120.  This Court is not " . . . empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams, 970 F.2d at 1182.  Similarly, "[c]ourts cannot exercise their duty of review unless they are advised of the considerations underlying the action under review . . .  (T)he orderly functioning of the process of review requires that the grounds upon which the administrative agency acted be clearly disclosed and adequately sustained." Cotter, 642 F.2d at 705 n. 7 (citing SEC v. Chenery Corp., 318 U.S. 80, 94 (1943)).

As a result of the foregoing, it is necessary to reverse the Commissioner's denial of benefits, and remand the matter for further proceedings in accordance with this Opinion.

## **CONCLUSION**

For the reasons set forth above, it is on this 25th day of September, 2006,

ORDERED that Plaintiff's appeal to this Court to reverse the Commissioner's decision or to remand the claim to the Commissioner is GRANTED; and it is further

ORDERED that the decision by the Commissioner is REVERSED and REMANDED; and it is further

ORDERED that the Clerk of the Court shall CLOSE the Court's file on this matter.


DATED: September 25, 2006

/s/ Jose L. Linares

JOSE L. LINARES,
UNITED STATES DISTRICT JUDGE